By the Court.—Spencer, J.
The action was *15 brought to recover four installments of seven hundred and fifty dollars each, on a contract of March 3, 1867, set out in hone verba in the complaint.
The answer denied the execution of the contract set out, and alleged as a bar the non-performance on the part of the plaintiff.
The- answer also alleged by way of counter-claim:
1. That the plaintiff, in violation of the agreement, carried on business in New York city, of the same nature and kind as that which, by the agreement, he sold to the defendants, and which he agreed not to carry on in said city.
2. That he had done the business of vessels of which he was part owner, and other vessels which he could control when in this port.
3. That he had bought and sold merchandise for and to the customers of the late firm of, D. B. De Wolf & Co., and other persons.
4. That he had interfered with, hindered and prevented the customers of the late firm and other persons from doing business with the defendants.
5. That he had interfered, injured and destroyed the good will of the business so agreed to be sold and delivered to the defendants, to the defendants’ damage of two thousand dollars over and above the plaintiff ’ s claim.
There was a former action in this court to recover the first and second installments upon the same conract: In that action the defendants did not take issue pon the execution of the agreement alleged, but alleged . iolations on the part of the plaintiff, and set up a counter-claim for breaches committed by him before the commencement of that action.
On the trial of this action before Mr. Justice Freedman and a jury, the plaintiff proved his case by putting in evidence the judgment roll, in a previous action between the same parties, wherein the plaintiff recover *16 ed a prior installment under the same contract, which, was set out in full in the complaint, to which,the defendants had interposed the same identical defense and counter-claim, the recovery in said action showing that the defendants were allowed something by way of counter-claim.
The court held that the former action adjudicated the several matters put in issue in this suit, excluded the defense and directed a verdict in favor of the plaintiff for the amount of the several installments claimed, with interest.
The defendants excepted to these rulings of the court, and the exceptions were directed to be heard in the first instance at general term.
The record of the judgment in a former action to recover the first installments that became due and payable on the contract set forth in the complaint in this action was sufficient proof of the cause of action on part of the plaintiff.
In that former action the defendant set up and proved breaches of the contract of the same character as those proved and offered to be proved in this action. The only difference between them was in regard to the' time at which they occurred ; the breaches alleged and proved or attempted to be proved being at a later date than those claimed and established in the first action.
I hold that the former action is a bar to any recovery by the defendant for breaches alleged to have been committed at a subsequent date, of a like character as those alleged or established in the first action. A party cannot sever damages of a like character and bring different actions for different portions.
The exceptions should be overruled and the plaintiff have judgment on his verdict.